IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEFF AND MELANIE HOWELL                                                         PLAINTIFFS

V.                                                                CIVIL ACTION NO.:1:07CV99-SA-JAD

MONROE COUNTY SCHOOL DISTRICT                                                    DEFENDANT

**MEMORANDUM OPINION DENYING MOTION TO DISMISS**

Presently pending before the Court is the Defendant's Motion to Dismiss. Having considered the motion and responses, the Court finds that the Motion to Dismiss is not well taken and shall be denied.

*A. Factual and Procedural Background*

The Plaintiffs reside in the Aberdeen School District. However, until the 2006-2007 school year, the Plaintiffs sent their children to Monroe County School District. In order to attend the Monroe County schools, Plaintiffs allege the Monroe County School District required the Plaintiffs to obtain a release from the Aberdeen School District for the 2006-2007 school year. Plaintiffs requested and were granted a release from the Aberdeen School District. Subsequently, the Monroe County School District denied the Plaintiffs' request to transfer their children.

Plaintiffs aver that Defendant's arbitrary refusal to accept their children, even though the school district routinely accepts other children from districts other than Aberdeen School District, denies Plaintiffs equal protection of the law in violation of the United States Constitution, Amendment Fourteen. For these alleged violations, Plaintiffs seek injunctive relief and damages under 42 U.S.C. § 1983.

The Defendants have now filed a Motion to Dismiss, seeking to have the Plaintiffs' claims against them dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*B. Discussion*

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997); accord Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pled in the original complaint must be taken as true. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir.1996); Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986). "Although [the Court] must accept as true the well-pleaded allegations of a complaint for failure to state a claim, [the Court may] not accept as true conclusionary allegations in the complaint." Kaiser, 677 F.2d at 1050.

To state a valid cause of action under 42 U.S.C. § 1983, the plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir.2000). Plaintiffs claim that Defendant's arbitrary refusal to accept Plaintiffs' children was in violation of their Fourteenth Amendment equal protection rights.

Plaintiffs allege in their First Amended Complaint:

> Refusing to accept Plaintiffs' children, even though the school district routinely accepts other children from districts other than the Aberdeen School District, violates the United States Constitution, Amendment Fourteen equal protection clause.

Traditionally, an equal protection claim required that the plaintiff prove that a state actor intentionally discriminated against him because of his membership in a protected class. Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999). However, in Village of Willowbrook v. Oleck, the Supreme Court held that the Equal Protection Clause gives rise to a claim on behalf of a "class of one" when membership in a particular class is not alleged. 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). An action may be maintained under 42 U.S.C. § 1983 for violations of the equal protection clause of the Fourteenth Amendment where the Plaintiff alleges that only he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Oleck, 528 U.S. at 564, 120 S. Ct. 1073.

Plaintiffs have distinctly alleged that their right to equal protection has been violated by Defendant's disparate treatment, and therefore, have stated a cause of action under 42 U.S.C. § 1983. See Sisk v. Texas Parks & Wildlife Dept., 644 F.2d 1056 (5th Cir.1981).

## C. Conclusion

The Plaintiffs have stated a cause of action under 42 U.S.C. § 1983 to survive Defendant's Motion to Dismiss. Upon review, the Court finds that the Defendant has not demonstrated as a matter of law that the Plaintiffs' allegations in the Complaint do not state - as opposed to prove - facts in support of their claim which would entitle them to relief. Therefore, the Court DENIES Defendant's Motion to Dismiss.

A separate order in accordance with this opinion shall issue this day.

This the 24th day of June 2008             /s/ Sharion Aycock
            **U. S. DISTRICT COURT JUDGE**